UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Tyrone Briscoe, )
)
      Plaintiff, )
)
v. ) Civil Action No. 10 0710
)
Chief Judge Annice M. Wagner et al., )
)
      Defendants. )

## MEMORANDUM OPINION

This action, brought *pro se*, is before the Court on its initial review of the complaint, which is accompanied by an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and will dismiss the case pursuant to the screening provisions of 28 U.S.C. § 1915A(a). Under that statute, the Court is required to screen a prisoner's complaint and dismiss it upon a determination that the complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A(b)(1).

The plaintiff is a District of Columbia prisoner confined at the United States Penitentiary McCreary in Pine Knot, Kentucky. Invoking 42 U.S.C. § 1983, the plaintiff sues former Chief Judge Annice M. Wagner of the District of Columbia Court of Appeals, former Assistant United States Attorney ("AUSA") John Fisher and AUSA James Sweeney, and attorneys Kenneth A. Rosenau and Susan H. Rosenau, both of whom were appointed in 2001 to represent the plaintiff in his criminal appeal before the D.C. Court of Appeals. *See* Complaint ("Compl.") Attachment (Nov. 21, 2001 Order). In the appointment order, Judge Wagner instructed the newly appointed counsel to file a supplemental brief within 90 days to the plaintiff's *pro se* "motion . . . to dismiss his indictment and/or to be granted release on bail." *Id.*

The plaintiff sues Judge Wagner apparently for making the aforementioned appointment of counsel against the plaintiff's wishes, *see* Compl. at 2-3, the AUSAs for allegedly failing to respond to his *pro se* motion (brief), *see id.* at 2, and his appointed appellate counsel for allegedly failing to supplement the issues he had raised in his earlier filing and for providing ineffective assistance of counsel, *see id.* The plaintiff "is asking to be giving [sic] his pro se rights . . . so he can move to have his indictment dismiss[ed]." *Id.* at 3. This court does not have authority to review orders issued by the D.C. Court of Appeals and, thus, cannot direct the D.C. Court of Appeals to restore the plaintiff's *pro se* status. *See Fleming v. United States,* 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415, 416 (1923)). "Only the United States Supreme Court has [the] power" to review the final judgment of a state or District of Columbia court. *Id.*

As for the claim of ineffective assistance of appellate counsel, the plaintiff has not stated that he moved in the D.C. Court of Appeals to recall the mandate, which is "the appropriate vehicle for mounting a challenge to the effectiveness of appellate counsel." *Williams v. Martinez,* 586 F.3d 995, 999 (D.C. Cir. 2009). This Court therefore is without jurisdiction to entertain that claim via a writ of *habeas corpus. See id.* (concluding that this Court would have jurisdiction over a "federal habeas petition asserting ineffective assistance of appellate counsel after [the petitioner has] moved to recall the mandate in the D.C. Court of Appeals[.]"); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available [in the local courts].").

Finally, the claims against the AUSAs cannot be maintained because failing to respond to the plaintiff's *pro se* filing does not state a claim upon which relief may be granted. Accordingly, the complaint will be dismissed.[1]

/s/ Royce B. Lamberth
United States District Judge

Date: April 21, 2010

---

[1] A separate Order of dismissal accompanies this Memorandum Opinion.